UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMME G. BOOTH,

                Plaintiff,

-against-

NEW YORK PRESBYTERIAN HOSPITAL – BEHAVIORAL HEALTH CENTER; DR. LAURA L. FORESE; PHILIP J. WILNER; SHAUN SMITH,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/2022

22-CV-10114 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action, in which she asserts that her former employer discriminated against her on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law (NYSHRL). She sues New York Presbyterian Hospital – Behavioral Health Center (NYPH); NYPH Executive Vice President and Chief Operations Officer Laura L. Forese; NYPH Senior Vice President and Chief Operations Officer Philip J. Wilner; and NYPH Senior Vice President and Chief Human Resources Officer Shaun Smith. For the reasons set forth below, the Court directs service on NYPH, dismisses without prejudice Plaintiff's claims against Forese, Wilner, and Smith, and grants Plaintiff 30 days' leave to replead a NYSHRL claim against those defendants.

**STANDARD OF REVIEW**

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.    Service on New York Presbyterian Hospital – Behavioral Health Center**

The Clerk of Court is directed to issue a summons as to Defendant New York Presbyterian Hospital – Behavioral Health Center. Plaintiff is directed to serve the summons and complaint on this defendant within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served this defendant or requested an extension of time to do so, the Court may dismiss the claims against this defendant under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**B.    Claims against Forese, Wilner, and Smith**

Plaintiff fails to state a claim under Title VII against Forese, Wilner, and Smith because Title VII does not provide for individual liability. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). Although Title VII does not provide for individual liability, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the NYSHRL. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998); *see Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004). Here, however, Plaintiff alleges no

facts explaining how any of the individual defendants actually participated in the conduct giving rise to her discrimination claims. Plaintiff's claims under Title VII and the NYSHRL against Forese, Wilner, and Smith are therefore dismissed without prejudice for failure to state a claim on which relief may be granted. The Court grants Plaintiff 30 days' leave to file an amended complaint to replead her NYSHRL claims against these defendants by alleging facts suggesting that they actually participated in the conduct giving rise to her discrimination claims. *See Tomka*, 66 F.3d at 1317.

C.     **Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the NYSHRL against Forese, Wilner, and Smith, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims against these defendants.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

1. the names and titles of all relevant people;

2. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

3. a description of the injuries Plaintiff suffered; and

4. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to issue a summons as to Defendant New York Presbyterian Hospital – Behavioral Health Center.

Plaintiff's claims against Forese, Wilner, and Smith are dismissed without prejudice for failure to state a claim on which relief may be granted, but the Court grants Plaintiff 30 days' leave to replead her claims under the NYSHRL against these defendants.

If Plaintiff files an amended complaint, Plaintiff must submit it to this Court's Pro Se Intake Unit within 30 days of the date of this order, January 9, 2023, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-10114 (NSR). An Amended Employment Discrimination Complaint form is attached to this order. If Plaintiff fails

to comply within the time allowed, and she cannot show good cause to excuse such failure, Plaintiff's claims against Forese, Wilner, and Smith will be dismissed with prejudice.

The Clerk of Court is further directed to mail an information package to Plaintiff, as well as a copy of this Order, and to show service on the docket.

SO ORDERED.

Dated: December 8, 2022
       White Plains, New York

                                           NELSON S. ROMÁN
                                          United States District Judge