PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS        NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3096

WRITER'S DIRECT FACSIMILE
(212) 492-0096

WRITER'S DIRECT E-MAIL ADDRESS
lvelazquez@paulweiss.com

April 18, 2023

**Via ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Tamme Booth* v. *New York Presbyterian Hospital – Behavioral Health Center (the "Health Center") s/h/a/ NewYork-Presbyterian/Westchester Behavioral Health Center*, 7:22-CV-10114-NSR-PED

Dear Judge Román,

    This firm is counsel to Defendants in the above-captioned action. Pursuant to Rule 3.A.ii of Your Honor's Individual Practices, we submit this letter setting forth the bases for Defendants' anticipated motion to dismiss Plaintiff's Amended Complaint ("AC") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### I.    Pertinent Background and Procedural History

    Plaintiff, a nurse formerly employed by the Health Center, initially commenced this action *pro se*, alleging that she was discriminated against based on her Christian religious beliefs in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law (the "NYSHRL") when the Health Center deemed her to have resigned due to her non-compliance with the New York State COVID-19 vaccine mandate for healthcare workers (the "DOH Mandate").[1] Promulgated on August 26, 2021,

---

[1]    N.Y. Comp. Codes R. & Regs. tit. 10 § 2.61 (2021).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

the DOH Mandate obligates covered healthcare institutions, like the Health Center, to ensure that all medically eligible "personnel" who interact with patients and staff are fully vaccinated against COVID-19.[2] The Mandate expressly permits medical, but not religious, exemptions.[3] The Second Circuit has upheld the DOH Mandate—and in particular, its prohibition against religious exemptions—in the face of legal challenges brought under Title VII and the U.S. Constitution.[4]

On December 8, 2022, this Court dismissed Plaintiff's Title VII claims against the individual defendants because "Title VII does not provide for individual liability" and granted leave to replead these claims under the NYSHRL. ECF No. 4. Plaintiff subsequently retained counsel who filed the AC against the original defendants, as well as her former supervisor, (i) reasserting religious discrimination and retaliation claims against the "employer Defendants" under Title VII and against all defendants under the NYSHRL[5]; (ii) adding race discrimination and retaliation claims; (iii) adding a NYSHRL aiding and abetting claim; and (iv) adding constitutional claims relating to the DOH Mandate's vaccination requirement. These claims fail as a matter of law and pleading.

## II. Plaintiff's Title VII, NYSHRL and Constitutional Claims Based on the Health Center's Compliance With the DOH Mandate Should Be Dismissed

Under well-established law, the AC fails to state any viable claim based on the Health Center's compliance with the DOH Mandate. *First*, Plaintiff's stated religious objection to vaccination conflicts with a requirement imposed by state law, not by the Health Center, thereby foreclosing any relief under Title VII or the NYSHRL. *Second*, the AC fails to plead that Defendants discharged Plaintiff *because of* her religious beliefs, as required to state a religious discrimination claim. Instead, the AC makes clear that the reason for Plaintiff's separation was non-discriminatory—namely, the Health Center's obligation to comply with the DOH Mandate.[6] *Third*, as the Second Circuit has held, and numerous district courts have ruled in <u>dismissing</u> claims such as these, Plaintiff's requested

---

[2] *Id.*

[3] *Id.* § 2.61(d).

[4] *We The Patriots USA, Inc.* v. *Hochul*, 17 F.4th 266, 291–93 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021).

[5] To the extent that Plaintiff continues to allege Title VII claims against the individual defendants, these claims should be dismissed for the same reason that this Court dismissed them in the original complaint: there is no individual liability under Title VII. *Lore* v. *City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). Furthermore, the AC includes no factual allegations which support discrimination claims against any of the individual defendants. To the contrary, the AC does not allege that any individual defendant took any discriminatory or adverse action against Plaintiff and alleges merely that the individual defendants sent communications to all employees regarding COVID-19 safety measures and took steps to comply with state law. See Compl. ¶¶ 29–33, 54, 60, 68–69, 72, 74–76, 97, 100–01.

[6] *See* Compl. ¶ 85; *see e.g.*, *Billings* v. *N.Y.S. Dep't of Corr. & Cmty Supervision*, 2021 WL 4150925, at *6 (S.D.N.Y. Sept. 10, 2021) (holding that there is no discrimination claim where plaintiff's "own pleadings demonstrate she was dismissed for non-discriminatory reasons").

3

accommodation—to continue working as a nurse unvaccinated, Compl. ¶ 52—would violate state law and constitute an undue hardship.[7] Plaintiff's related retaliation and aiding and abetting claims are similarly deficient. And, Plaintiff's constitutional claims cannot be brought against a private employer like the Health Center, or its employees.[8]

### III.   Plaintiff's Race-Based Discrimination and Retaliation Claims Should Be Dismissed

Plaintiff's attempt to bootstrap onto her AC wholly-unrelated racial discrimination and retaliation claims arising from the Health Center's alleged failure to promote her in 2020 and alleged understaffing of her unit in 2021 should be rejected. *First*, Plaintiff has not pled facts demonstrating that she has exhausted her administrative remedies with respect to any Title VII claims based on these allegations. Nor could she. Indeed, Plaintiff made no mention of these allegations or claims in the EEOC charge referenced in the AC.[9] *Second*, any Title VII claims based on these alleged events in 2020 and 2021 are time-barred.[10] *Third*, in the absence of any viable federal claim, this Court should decline to exercise jurisdiction over Plaintiff's NYSHRL claims based on alleged racial discrimination and retaliation. *Fourth*, Plaintiff's conclusory allegation that the promotion of a white colleague and her barebones allegation that she "experienced material changes to her working conditions" do not remotely suffice to plead racial animus or a causal connection between her race, her prior complaints, and any purported adverse action.[11]

For the foregoing reasons, Defendants seek to bring a motion to dismiss the AC in its entirety.

---

[7] *We The Patriots USA, Inc.*, 17 F.4th at 292; *Lowman* v. *NVI LLC*, 821 F. App'x 29, 31–32 (2d Cir. 2020); *see, e.g., Riley* v. *N.Y.C. Health & Hosps. Corp.*, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023); *Marte* v. *Montefiore Med. Ctr.*, 2022 WL 7059182, at *5 (S.D.N.Y. Oct. 12, 2022).

[8] *Loce* v. *Time Warner Ent. Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) (holding that only government action, not that of a private entity, can violate the First Amendment); *Doe* v. *Hochul*, 2022 WL 446332, at *4–5 (N.D.N.Y. Feb. 14, 2022) (holding that private hospital's compliance with DOH Mandate does not constitute "state action").

[9] *See* Compl. ¶ 6; *see also Arias-Mieses* v. *CSX Transp., Inc.*, 630 F. Supp. 2d 328, 332 (S.D.N.Y. 2009) (finding that filing a timely EEOC complaint is a precondition of a Title VII suit).

[10] *Arias-Mieses,* 630 F. Supp. 2d at 332 ("[D]iscriminatory incidents not timely charged before the EEOC [within 300 days of the alleged discrimination] will be time-barred.").

[11] Compl. ¶ 47. *See Shankar* v. *Ankura Consulting Grp., LLC*, 2021 WL 3542803, at *4 (S.D.N.Y. Aug. 11, 2021) (dismissing claims for failure to plausibly show race was a motivating factor); *Marte*, 2022 WL 7059182 at *4 (holding that conclusory statements regarding pretext do not satisfy the pleading burden).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    4

        Respectfully submitted,

        */s/ Liza M. Velazquez*
        Liza M. Velazquez

cc:    All counsel of record (via ECF)